FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 19 2018

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TONY HAWKINS, PAUL NIGH,
SHONDELL OLLISON, and CHARLIE GRICE III,
individually and on behalf of others
similarly situated                                                           **PLAINTIFFS**

v.                       CASE NO. 4:18cv47-BSM

**LOOMIS ARMORED US, LLC**                                        **DEFENDANT**

---

### COLLECTIVE ACTION COMPLAINT

This case assigned to District Judge **Miller**
and to Magistrate Judge **Volpe**

### I. INTRODUCTION

1. This is a collective action for unpaid overtime under the Fair Labor Standards Act. Defendant Loomis Armored US, LLC ("Loomis") claims to be the largest integrated cash distribution network in the United States, providing its clients a range of secure cash management systems. To provide these services, Loomis employs armored vehicle drivers, guards, and messengers, including Plaintiffs Tony Hawkins, Paul Nigh, Shondell Ollison, and Charlie Grice. Plaintiffs' and the other armored vehicle drivers', guards', and messengers' work included driving or riding in vehicles weighing 10,000 pounds or less.

2. Although Plaintiffs and the other armored vehicle drivers, guards, and messengers routinely worked over 40 hours in a workweek, Loomis did not pay them one-and-a-half times their regular rate of pay for all their overtime hours worked. Plaintiffs and the putative class members, however, were not exempt from the Fair Labor

Standard Act's overtime pay requirements. Plaintiffs bring suit individually and on behalf of all other similarly situated armored vehicle drivers, guards, and messengers employed by Loomis in Arkansas to recover unpaid overtime, liquidated damages, attorneys' fees and expenses, and any other relief the Court deems just and proper.

## II. PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff Tony Hawkins is a citizen of Pulaski County, Arkansas. Hawkins worked for Loomis as an armored vehicle driver and guard from approximately December 2015 until October 2016. During the past three years, Hawkins has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation for all his overtime hours. His consent to join this action is attached as Exhibit "A."

4.      Plaintiff Paul Nigh is a citizen of Crawford County, Arkansas. Nigh worked for Loomis as an armored vehicle driver, guard, and messenger from approximately October 2015 until December 2017. During the past three years, Nigh has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation for all his overtime hours. His consent to join this action is attached as Exhibit "B."

5.      Plaintiff Shondell Ollison is a citizen of Faulkner County, Arkansas. Ollison worked for Loomis as an armored vehicle driver, guard, and messenger from approximately 2008 until December 2016. During the past three years, Ollison has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation for all his overtime hours. His consent to join this action is attached as Exhibit "C."

6. Plaintiff Charlie Grice III is a citizen of Pulaski County, Arkansas. Grice worked for Loomis as an armored vehicle driver, guard, and messenger from approximately August 2012 until May 2017. During the past three years, Grice has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation for all his overtime hours. His consent to join this action is attached as Exhibit "D."

7. Defendant Loomis Armored US, LLC is a foreign limited liability company. Loomis Armored US, LLC employs armored vehicle drivers, guards, and messengers to provide its clients with secure cash management and transportation services. Loomis Armored US, LLC can be served through its registered agent The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

8. At all relevant times, Plaintiffs and the other armored vehicle drivers, guards, and messengers have been entitled to the rights, protections, and benefits of the Fair Labor Standards Act.

9. At all relevant times, Plaintiffs and the other armored vehicle drivers, guards, and messengers were "employees" of Loomis. 29 U.S.C. § 203(e).

10. At all relevant times, Loomis was an "employer" of Plaintiffs and the other armored vehicle drivers, guards, and messengers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

11. Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; and 28 U.S.C. § 1331.

12. Venue lies within this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this district. Specifically, throughout the relevant period, Hawkins, Ollison, and Grice, and other similarly situated armored vehicle drivers, guards, and messengers regularly worked for Loomis in this district, and Loomis operated an office and warehouse in this district.

### III. FACTS

13. Defendant Loomis Armored US, LLC ("Loomis") is an employer covered by the FLSA. At all pertinent times, Loomis has been engaged in activities and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and therefore constitute an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(r)-(s).

14. At all pertinent times, Loomis has had an annual gross volume of sales made or business done of at least $500,000.00, and therefore, constitutes an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(r)-(s).

15. Loomis was, at all relevant times, an "employer" of Plaintiffs and the other armored vehicle drivers, guards, and messengers. 29 U.S.C. § 203(d).

16. Plaintiffs and the other armored vehicle drivers, guards, and messengers were, at all relevant times, "employees" of Loomis. 29 U.S.C. § 203(d).

17. Loomis claims to be the largest integrated cash distribution network in the United States, providing its clients a range of secure cash management systems. https://www.loomis.us/about-us (last accessed January 2, 2018).

18. To provide these cash-in-transit services, Loomis employs armored vehicle drivers, guards, and messengers, including Plaintiffs Tony Hawkins, Paul Nigh, Shondell Ollison, and Charlie Grice III.

19. Hawkins was employed by Loomis as an armored vehicle driver and guard from approximately December 2015 until October 2016.

20. Nigh was employed by Loomis as an armored vehicle driver, guard, and messenger from approximately October 2015 until December 2017.

21. Ollison was employed by Loomis as an armored vehicle driver, guard, and messenger from approximately 2008 until December 2016.

22. Grice was employed by Loomis as an armored vehicle driver, guard, and messenger from approximately August 2012 until May 2017.

23. Plaintiffs' and the putative class members' work was defined in whole or in part as that of a driver, driver's helper, loader, or mechanic.

24. Plaintiffs' and the other armored vehicle drivers' work for Loomis in whole or in part affected the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce.

25. For example, Plaintiffs and the putative class members regularly drove or worked on Loomis' armored vehicles that weighed 10,000 pounds or less.

26. Loomis paid Plaintiffs and the putative class members an hourly wage for their work.

27. Plaintiffs and the putative class members routinely worked over 40 hours in a workweek.

28. Although Plaintiffs and the putative class members routinely worked over 40 hours in a workweek, Loomis did not pay them one-and-a-half times their regular rate of pay for all their overtime hours worked.

29. Loomis willfully violated the Fair Labor Standards Act when it did not pay Plaintiffs and the putative class members overtime compensation.

### IV. COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

31. Plaintiffs brings this action as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act on behalf of all persons who were, are, or will be employed by Loomis as armored vehicle drivers, guards, and messengers in Arkansas within the past three years.

32. Plaintiffs reserve the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

33. Plaintiffs' claim for violations of the FLSA may be brought and maintained as an "opt-in" collective action because putative class members are similarly situated to him.

34. There are numerous similarly situated employees who worked for Loomis in Arkansas who would benefit from the issuance of Court-supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit. Similarly situated employees are known to Loomis and readily identifiable through the payroll records Loomis is required to keep by law. 29 U.S.C. § 211(c).

35. There are questions of law and fact common to Plaintiffs and others similarly situated, which predominate over any questions affecting individual members only. These factual and legal questions include, but are not limited to:

   a. Which individuals and entities are considered "employers" of Plaintiffs and putative class members under the FLSA;

   b. Whether Loomis satisfied its obligation to pay Plaintiffs and others similarly situated the minimum wage and overtime payments required by the FLSA;

   c. Whether Plaintiffs and the putative class members are exempt under the Motor Carrier Act;

   d. Whether Loomis' actions were willful;

   e. Whether Loomis complied with its recordkeeping obligations under the FLSA;

   f. Whether Plaintiffs and putative class members are entitled to liquidated damages;

   g. Whether Plaintiffs and putative class members are entitled to attorneys' fees, costs, and expenses.

36.     Loomis acted and refused to act on grounds generally applicable to Plaintiffs and others similarly situated.

37.     Plaintiffs' claims are typical of the claims of the putative class in that Plaintiffs and others similarly situated were denied overtime and minimum wage because of Loomis' policies and practice. This is the predominant issue that pertains to the claims of Plaintiffs and the members of the putative class.

38.     Plaintiffs' FLSA damages, and those of all putative collective action members, should be able to be calculated mechanically based on records Loomis is required to keep. 29 C.F.R. § 513.28. If Loomis failed to keep records as required by law, Plaintiffs and the class members will be entitled to damages based on the best available evidence, even if it is only estimates. *See Anderson v. Mt. Clemens*, 328 U.S. 680, 687 (1946). Loomis cannot benefit from its failure, if any, to maintain records required by law.

39.     The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

40.     Plaintiffs will fairly and adequately protect the interests of the putative class, as their interests are in complete alignment with others similarly situated, i.e., to prove and then eradicate Loomis' illegal practice of not paying armored vehicle drivers, guards, and messengers overtime compensation.

41.     Plaintiffs' counsel is experienced with class/collective litigation, has previously served as class counsel in FLSA litigation, and will adequately protect the interests of Plaintiffs and others similarly situated.

42. Plaintiffs and the proposed class they seek to represent have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding Loomis' pay practices.

43. Loomis has engaged in a continuing violation of the FLSA.

44. Plaintiffs and all others similarly situated were denied overtime because of Loomis' illegal practices. These violations were intentional and willfully committed.

## V. CLAIM I:
## FLSA: FAILURE TO PAY OVERTIME

45. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

46. The FLSA requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

47. Plaintiffs and all others similarly situated were not exempt from the overtime provisions of the FLSA.

48. Plaintiffs and all others similarly situated regularly worked more than forty hours per workweek without receiving overtime compensation for each hour over forty they worked in a given workweek.

49. Loomis violated the FLSA by not paying Plaintiffs and all others similarly situated overtime compensation for all hours worked in excess of forty each workweek. 29 U.S.C. § 207(a)(1).

50. Loomis knew or should have known that Plaintiffs and all others similarly situated were entitled to overtime pay, and knowingly and willfully violated the FLSA by not paying Plaintiffs and all others similarly situated overtime compensation, therefore these violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

51. Loomis has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA. As a result, Plaintiffs and all others similarly situated are entitled to recover an award of liquidated damages in an amount equal to their unpaid wages. *See* 29 U.S.C. § 216(b). Alternatively, should the Court find Loomis acted in good faith in failing to pay Plaintiffs and all others similarly situated their overtime wages, Plaintiffs and all others similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

52. Because of Loomis' violations of law, Plaintiffs and all others similarly situated are entitled to recover from Loomis attorneys' fees, litigation expenses and court costs, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## VI. Prayer for Relief

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully requests this Court:

a. Enter an order certifying Plaintiffs' claims brought under the Fair Labor Standards Act for treatment as a collective action;

b. Designate Plaintiffs as Class Representatives;

c.  Appoint Holleman & Associates, P.A. as class counsel;

d.  Enter a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

e.  Enter a permanent injunction restraining and preventing Loomis from withholding the compensation that is due to its employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Fair Labor Standards Act;

f.  Enter an order for complete and accurate accounting of all the compensation to which Plaintiffs and all other similarly situated employees are entitled;

g.  Award Plaintiffs and all others similarly situated compensatory damages in an amount equal to the unpaid back wages at the applicable overtime rates from three (3) years prior to this lawsuit through the date of trial;

h.  Award Plaintiffs and all others similarly situated liquidated damages in an amount equal to his compensatory damages;

i.  Award Plaintiffs and all others similarly situated punitive damages;

j.  Award Plaintiffs and all others similarly situated all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

k.  Grant Plaintiffs and all others similarly situated all such further relief as the Court deems just and appropriate.

### VII. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043


Respectfully Submitted,

*/s/ Timothy A. Steadman*

John Holleman, ABN 91056
jholleman@johnholleman.net
Timothy A. Steadman, ABN 2009113
tim@johnholleman.net
Jerry Garner, ABN 2014134
jerry@johnholleman.net

## LOOMIS ARMORED US, LLC

### CONSENT TO JOIN COLLECTIVE ACTION

I consent to join the action as a Plaintiff against the above-referenced Defendant or any other individual or entity who may be liable as an employer under the Fair Labor Standards Act. If this case does not proceed collectively, I also consent to join any subsequent action to assert the same or similar claims. I consent to becoming a party Plaintiff to this lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A. and to be bound by any settlement of this action or adjudication of the court.

Consented to on this __20__ day of __December__, 2017

__Tony Hawkins__
Print Name

_____
Signature

__12-20-17__
Date

**EXHIBIT A**

## LOOMIS ARMORED US, LLC

### CONSENT TO JOIN COLLECTIVE ACTION

I consent to join the action as a Plaintiff against the above-referenced Defendant or any other individual or entity who may be liable as an employer under the Fair Labor Standards Act. If this case does not proceed collectively, I also consent to join any subsequent action to assert the same or similar claims. I consent to becoming a party Plaintiff to this lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A. and to be bound by any settlement of this action or adjudication of the court.

Consented to on this 14th day of January, 2017

Paul G. Night
Print Name

*[signature]*
Signature

JAN 14, 2018
Date

**EXHIBIT B**

## LOOMIS ARMORED US, LLC

### CONSENT TO JOIN COLLECTIVE ACTION

I consent to join the action as a Plaintiff against the above-referenced Defendant or any other individual or entity who may be liable as an employer under the Fair Labor Standards Act. If this case does not proceed collectively, I also consent to join any subsequent action to assert the same or similar claims. I consent to becoming a party Plaintiff to this lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A. and to be bound by any settlement of this action or adjudication of the court.

Consented to on this  05  day of  JANUARY , 2018

Shondell Ollison
Print Name

_[signature]_
Signature

1-5-18
Date

**EXHIBIT C**

## LOOMIS ARMORED US, LLC

---

### CONSENT TO JOIN COLLECTIVE ACTION

---

I consent to join the action as a Plaintiff against the above-referenced Defendant or any other individual or entity who may be liable as an employer under the Fair Labor Standards Act. If this case does not proceed collectively, I also consent to join any subsequent action to assert the same or similar claims. I consent to becoming a party Plaintiff to this lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A. and to be bound by any settlement of this action or adjudication of the court.

Consented to on this __18th__ day of __December__, 2017

__Charlie Grice III__
Print Name

__Charlie Grice III__
Signature

__12-12-17__
Date

**EXHIBIT D**