**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**TONY HAWKINS, PAUL NIGH,**                             **PLAINTIFFS**
**SHONDELL OLLISON, and CHARLIE**
**GRICE III, individually and on behalf of**
**others similarly situated**

**v.**                          **CASE NO. 4:18-CV-00047 BSM**

**LOOMIS ARMORED US, LLC**                              **DEFENDANT**

## ORDER

Plaintiffs' motion for conditional certification [Doc. No. 7] is granted.

## I.  BACKGROUND

Plaintiffs Tony Hawkins, Paul Nigh, Shondell Ollison, and Charlie Grice III are suing

defendant Loomis Armored US, LLC ("Loomis") under the Fair Labor Standards Act

(FLSA), alleging overtime compensation violations.  Plaintiffs seek conditional certification

for a class of similarly situated individuals.

## II.  LEGAL STANDARD

Plaintiffs who want to sue on behalf of a similarly situated class under the FLSA must

utilize the opt-in mechanism provided in 29 U.S.C. section 216(b) instead of the opt-out

mechanism provided in Federal Rule of Civil Procedure 23.  *E.g.*, *Butcher v. Delta Mem'l*

*Hosp.*, No. 5:12CV00241 SWW, 2013 WL 1668998, at *1 (E.D. Ark. Apr. 17, 2013).  This

is known as a collective action, distinguishing it from a Rule 23 class action.  *See Genesis*

*Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).  A district court has discretion, "in

appropriate cases," to authorize the sending of notice to potential members in a collective

action, so long as it avoids communicating in a way that endorses the merits of the action. *Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2013 WL 1668984, at *1 (E.D. Ark. Apr. 17, 2013) (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Many district courts in the Eighth Circuit use a two-step approach in a collective action to determine whether certification of a similarly situated class is proper. *Cruthis v. Vision's*, No. 4:12CV244 KGB, 2013 WL 4028523, at *1 (E.D. Ark. Aug. 7, 2013). First, at the notice stage, the district court determines whether notice of the action should be given to potential plaintiffs. *Collins*, 2013 WL 1668984 at *2. This determination is usually based on pleadings and affidavits. *Id.* Because the court has minimal evidence at this stage, the standard is fairly lenient and typically results in conditional certification of a representative class. *Id.* Potential plaintiffs are then given notice and an opportunity to opt in, and the action proceeds as a representative action throughout discovery. *Id.* At the second stage, when discovery is largely complete, the defendant may move for decertification. *Id.* At this stage, a factual determination of whether the class members are similarly situated can be made. *Id.* If the class members are not similarly situated, the class can be decertified, the opt-in members can be dismissed, and the class representatives can proceed to trial on their individual claims. *Id.*

### III.  DISCUSSION

In determining whether an opt-in class is appropriate for conditional certification and court-authorized notice, the main question is not whether there has been a violation of the

2

law, but whether plaintiffs have established whether similarly situated members of a potential class exist. *Butcher*, 2013 WL 1668998 at *2. The FLSA does not expressly define "similarly situated," *Madden v. Lumber One Home Ctr. of Stuggart Inc.*, No. 4:10CV01162 JLH, 2010 WL 4974971, at *4 (E.D. Ark. Dec. 2, 2010), but factors often considered include "(1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar." *Cruthis*, 2013 WL 4028523 at *2.

The proposed class members were employed by Loomis as vehicle drivers, guards, or messengers, and they were all allegedly denied overtime compensation when they worked more than 40 hours in the first five days of a workweek. Hawkins Decl., Doc. No. 7-5; Ollison Decl., Doc. No. 7-6; Grice Decl., Doc. No. 7-7, Nigh Decl., Doc. No. 7-8. They received time-and-a-half pay if they worked on the sixth and seventh days of the week. *See* Hawkins Decl., Doc. No. 7-5 ¶ 10; Ollison Decl., Doc. No. 7-6 ¶ 10; Grice Decl., Doc. No. 7-7 ¶ 10, Nigh Decl., Doc. No. 7-8 ¶ 10. All four named plaintiffs worked as armored vehicle drivers and guards out of Loomis's Little Rock or Fayetteville, Arkansas locations; Nigh, Ollison, and Grice additionally worked as messengers. *See* Hawkins Decl., Doc. No. 7-5 ¶¶ 1–2; Ollison Decl., Doc. No. 7-6 ¶¶ 1–2; Grice Decl., Doc. No. 7-7 ¶¶ 1–2, Nigh Decl., Doc. No. 7-8 ¶¶ 1–2. They drove, loaded, and unloaded Loomis vehicles that weighed

3

10,000 pounds or less and used a time clock to record their hours worked.  *See* Hawkins Decl., Doc. No. 7-5 ¶¶ 4, 6, 7; Ollison Decl., Doc. No. 7-6 ¶¶ 4, 6, 7; Grice Decl., Doc. No. 7-7 ¶¶ 4, 6, 7; Nigh Decl., Doc. No. 7-8 ¶¶ 4, 6, 7. Hawkins worked for Loomis from about December 2015 to October 2016.  *See* Hawkins Decl., Doc. No. 7-5 ¶ 1.  Nigh worked for Loomis from about October 2015 to December 2017.  *See* Nigh Decl., Doc. No. 7-8 ¶ 1. Ollison worked for Loomis from about 2008 to December 2016.  *See* Ollison Decl., Doc. No. 7-6 ¶ 1.  Finally, Grice worked for Loomis from about August 2012 to may 2017.  *See* Doc. No. 7-7 ¶ 1.

The named plaintiffs did not opt in to an earlier collective action alleging the same violations against Loomis, *Colon v. Loomis Armored US, LLC*, No. 1:16-cv-07350-AKH (S.D.N.Y. 2016).   That action was voluntarily dismissed on September 10, 2018.  *See* Stipulation of Joint Dismissal with Prejudice, *Colon*, No. 1:16-cv-07350-AKH, Doc. No. 103 (Sept. 10, 2018).  The FLSA does not prohibit the filing of a subsequent collective action, and judicial efficiency is served by it.  *See Schucker v. Flowers Foods, Inc.*, No. 16-CV-3439 (KMK), 2017 WL 3668847, at *5–7 (S.D.N.Y. Aug. 24, 2017) (weighing arguments for and against conditional certification when another collective action is ongoing against the same defendants for the same alleged violations).

Loomis did not file a response in opposition to plaintiffs' motion and thus does not currently oppose conditional certification.   Given the lenient standard at this stage, conditional certification is granted for the following class:

> All armored vehicle drivers, guards, and messengers who worked for

4

> Loomis in Arkansas and drove or rode in a vehicle weighing 10,000 pounds or less from (*3 years from date of mailing*) and continuing through the date on which final judgment is entered in this action, were classified exempt from the [FLSA]'s overtime pay requirements at any time, and did not file written consents to join *Colon v. Loomis Armored US, LLC*, Case No. 1:16-cv-07350-AKH (S.D.N.Y. 2016).

Doc. No. 7 at 1–2.

Disseminating notice by U.S. mail and requiring Loomis to post conspicuous notice in its worksites, where government-required notices are posted, are sufficient means of dissemination. Loomis shall have ten days from the entry of this order to provide the contact information plaintiffs require to disseminate notice compliant with this order. After they receive the contact information, plaintiffs shall then have ninety days to disseminate notice, which may include a copy of the complaint [Doc. No. 1] and answer [Doc. No. 4], and to file consent forms with the court.

## IV.  CONCLUSION

For these reasons, the motion for conditional certification [Doc. No. 7] is granted.

IT IS SO ORDERED this 5th day of October 2018.

UNITED STATES DISTRICT JUDGE

5